**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert S. HODAS, Defendant-Appellant.**

**No. 72–1441.**

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 1972.

Rehearing Denied Oct. 3, 1972.

---

Robert J. Hirsh, of Messing, Hirsh & Franklin, Tucson, Ariz., for defendant-appellant.

William C. Smitherman, U.S. Atty., James E. Mueller, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before ELY, KILKENNY, and CHOY, Circuit Judges.

PER CURIAM:

Hodas, a hitchhiker, was given a ride in a vehicle occupied by two undercover police officers. The officers broached the subject of marijuana, inquiring of Hodas if he knew where such might be procured. Hodas replied, in effect, that he did not, but he then remarked that he possessed a quantity of peyote which he would be willing to sell. The ensuing conversation led to an arrangement under which the officers visited the place where Hodas lived and purchased, from Hodas, 3,000 "buttons" of peyote. Hodas was convicted of having violated 21 U.S.C. § 841(a)(1), and this appeal followed.

Hodas argues that, as a matter of law, he was entrapped into the commission of his offense. We do not agree. It is true that the prosecution was required, once the issue of entrapment was raised, to prove beyond a reasonable doubt that Hodas was not entrapped by the police. Notaro v. United States, 363 F.2d 169 (9th Cir. 1966). In finding Hodas guilty, the district judge obviously made the determination that the Government had met its burden.

Hodas contends that he was not predisposed to criminal activity, arguing that he had never previously been convicted of crime, that he was an Honors Student at the University of Arizona, and that the police initiated the association and opened the discussion leading to the offense. On the other hand, it was proved that Hodas was especially in need of money at the time he sold the peyote and that the offer to sell that particular substance was presented by him without there having been any previous importunity by the police. The district judge had the opportunity to weigh the credibility of Hodas, who testified in his own behalf, and, in the light of the whole record, we cannot say that the District Court's resolution of the critical issue was erroneous. Here, we most assuredly have no intolerably overreaching conduct on the part of the police, such, for example, as that which occurred in United States v. Russell, 459 F.2d 671 (9th Cir. 1972), and Greene v. United States, 454 F.2d 783 (9th Cir. 1971).

Affirmed.